[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12277

Non-Argument Calendar

_____

BLANCHE L. DIXON,
ROY J. DIXON, JR.,

Plaintiffs-Appellants,

*versus*

JOSEPH ABRUZZO,
as Clerk and Comptroller of Palm Beach
County, and in his individual capacity,
CROSSCOUNTRY MORTGAGE, LLC,
CLEAR2CLOSE TITLE & ESCROW, LLC,
SAMANTHA SCHOSBER,
in her personal capacity,
RYAN S. SHIPP,

2                    Opinion of the Court                    23-12277

Defendants-Appellees

15TH JUDICIAL CIRCUIT COURT, et al.,

Defendants.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81501-AMC

————————————

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON,
Circuit Judges.

PER CURIAM:

Blanche and Roy Dixon appeal *pro se* the dismissal of their amended complaint alleging Florida civil theft, civil conspiracy, and quiet title claims against CrossCountry Mortgage, Clear2Close Title & Escrow, and Ryan Shipp, and violations of due process, 42 U.S.C. § 1983, against Judge Samantha Schosberg Feuer and clerk Joseph Abruzzo. The Dixons' claims arose from proceedings in state court resulting in the foreclosure of their home. The district court dismissed the claims of civil theft, civil conspiracy, and quiet title under the *Rooker-Feldman* doctrine and dismissed the claims

against Judge Schosberg Feuer and Abruzzo based on absolute and quasi-judicial immunity. We affirm.

We review *de novo* whether the district court lacked subject-matter jurisdiction. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021). We review *de novo* whether an official is entitled to absolute immunity. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017).

The district court did not err by dismissing the Dixons' claims against Judge Schosberg Feuer and Abruzzo based on absolute and quasi-judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). Judge Schosberg Feuer was acting in her judicial capacity by issuing an order declaring Mrs. Dixon a vexatious litigant and dismissing her state court case. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). And she was not acting in the "clear absence of all jurisdiction." *Bolin*, 225 F.3d at 1239. Although Mrs. Dixon's motion for voluntary dismissal divested the court of jurisdiction, Judge Schosberg Feuer retained jurisdiction to resolve a motion to enjoin Mrs. Dixon from further filings, which was filed before the voluntary dismissal. *Pino v. Bank of N.Y.*, 121 So. 3d 23, 32 (Fla. 2013); *Knezevich v. Serv. Fin. Co., LLC*, 375 So. 3d 941, 942-43 (Fla. Dist. Ct. App. 2023). So, Judge Schosberg Feuer was entitled to judicial immunity for her order declaring Mrs. Dixon a vexatious litigant and dismissing her state court case. *See Bolin*, 225 F.3d at 1239. Abruzzo was entitled to

quasi-judicial immunity because he removed Mrs. Dixon's motion to vacate from the docket at Judge Schosberg Feuer's directive because Dixon was subject to a filing injunction. *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Nonjudicial officials are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'").

The district court did not err in dismissing the remainder of the Dixons' claims under the *Rooker-Feldman* doctrine, which prohibits a district court from exercising subject-matter jurisdiction over a complaint "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is "narrow," and allows an "independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Behr*, 8 F.4th at 1212. But it bars claims where "the source of the plaintiff's injury is the state-court judgment itself," *Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024), even where the plaintiff "tries to call the appeal something else." *Behr*, 8 F.4th at 1211. The Dixons' requests to quiet title and declare them the lawful owners of the property involved in the foreclosure proceedings are barred under *Rooker-Feldman* because they asked the district court to reject the state foreclosure judgment. *See Exxon Mobil*, 544 U.S. at 284. As to their allegations of civil theft and civil conspiracy, although the Dixons did not expressly ask the district court to overturn the foreclosure judgment, the claims are premised on

the theory that the defendants wrongly sold the property following the foreclosure because the Dixons were the rightful owners. The district court did not err in ruling it lacked jurisdiction under *Rooker-Feldman*.

We **AFFIRM** the dismissal of the Dixons' complaint and **DENY AS MOOT** the Dixons' motion to supplement the record on appeal. We **DENY** CrossCountry's motion for attorney's fees and **DENY AS MOOT** the Dixons' motion to strike that motion.